**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT SEARS'S** |
| | ) | **MOTION TO DISMISS OR, IN THE** |
| vs. | ) | **ALTERNATIVE, FOR A BILL OF** |
| | ) | **PARTICULARS** |
| Michael John Brown, Juan | ) | |
| Manual Perez, Lesvia Perez, and | ) | |
| Donald Sears, | ) | Case No. 1:09-cr-056 |
| | ) | |
| Defendants. | ) | |

_____

Before the Court is Defendant Donald Sears's "Motion to Dismiss Count Two of the Indictment or for Bill of Particulars" filed on March 11, 2010.  See Docket Nos. 64 and 68.  The Government filed a response in opposition to the motion on March 25, 2010.  See Docket No. 70. Sears filed a reply brief on April 1, 2010.  See Docket No. 73.  For the reasons outlined below, the motion is denied.


I.      **BACKGROUND**

Donald Sears was indicted on July 15, 2009, on one count of conspiracy to possess with intent to distribute and distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and one count of money laundering conspiracy to conceal and disguise the nature, location, ownership, and control of proceeds of specified unlawful activity in violation of 18 U.S.C. § 1956(h).  See Docket No. 1.  The charges stem from drug trafficking activities that allegedly occurred between April 1, 2003 and February 2008.

1

On March 11, 2010, Sears filed a motion to dismiss count two of the indictment or, in the alternative, for a bill of particulars on that count.  Count two provides, in relevant part:

1. During the course of and to further said conspiracy, members of the conspiracy gathered United States currency together that was derived from the sale of controlled substances.

2. During the course of and to further said conspiracy, members of the conspiracy and through the use of third-parties wired money derived from the sale of controlled substances to individuals in Texas.

3. The purpose of transferring currency using the above-described methods was to conceal and disguise the nature, source, ownership, and control of the proceeds of drug trafficking.

See Docket No. 1.  Count two also provides detailed descriptions of twenty wire transactions that occurred in 2007 in furtherance of the conspiracy.

II.   **LEGAL DISCUSSION**

A.   **MOTION TO DISMISS**

Sears argues that count two is insufficient because it fails to inform him of the specific facts alleged against him.  Sears states,

> The United States has submitted over 1,600 pages of discovery regarding the charges brought in this case against Defendant Sears and the co-defendants, Michael John Brown, Juan Manuel Perez, and Lesvia Perez.  See Affidavit of Damian Huettl.  None of the discovery provided implicates Defendant Sears as being involved with any of the twenty (20) specific wire transfers that form the basis for the charges.  Id.  This shows that Defendant Sears is not reasonably apprised of the charges against him due to the fact that the specific financial transactions listed in the Indictment do not involve him, and, because of the lack of specificity in the remainder of the Indictment, Defendant Sears has no knowledge of what factual basis the Grand Jury relied upon in indicting him, nor what facts he must defend against at trial.  Therefore, because the indictment fails to provide Defendant Sears with a statement of the facts and circumstances that inform him of the specific offense against which he must defend, the charges found in Count Two of the Indictment should be dismissed as they pertain to Defendant Sears.

2

<u>See</u> Docket No. 65.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation . . . ."  The indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1).  "'Undoubtedly, the language of the statute may be used in the general description of the offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" <u>Russell v. United States</u>, 369 U.S. 749, 765 (1962) (quoting <u>United States v. Hess</u>, 124 U.S. 483, 487 (1888)).  The indictment must provide the citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.  <u>Id.</u> at 762-63.  "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." <u>United States v. Carter</u>, 270 F.3d 731, 736 (8th Cir. 2001).  An indictment is generally held to be sufficient "'unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted.'" <u>United States v. Sewell</u>, 513 F.3d 820, 821 (8th Cir. 2008) (quoting <u>United States v. Hernandez</u>, 299 F.3d 984, 992 (8th Cir. 2002)).

Count two of the indictment charges Sears with money laundering conspiracy to conceal and disguise the nature, location, ownership, and control of proceeds of specified unlawful activity in violation of 18 U.S.C. § 1956(h).  Section 1956(h) makes it unlawful for any person to conspire to

commit "any offense defined in this section or section 1957."[1]  The object of the conspiracy was money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) which provides:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity – knowing that the transaction is designed in whole or in part – to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

In <u>Whitfield v. United States</u>, 543 U.S. 209, 219 (2005), the United States Supreme Court held that a conviction under 18 U.S.C. § 1956(h) does not require proof of an overt act in furtherance of the conspiracy.  "To convict for conspiracy, the government must prove beyond a reasonable doubt:  (1) an agreement among two or more people to achieve an illegal purpose; (2) [the defendant's] knowledge of the agreement; and (3) that [the defendant] knowingly joined and participated in the agreement."  <u>United States v. Hudspeth</u>, 525 F.3d 667, 676-77 (8th Cir. 2008).  In this case, the indictment alleges that Sears conspired with others "to conduct financial transactions . . . which involved the proceeds of a specified unlawful activity, that is, the distribution of controlled substances, in violation of Title 21 United States Code, Sections 841(a)(1), et seq., knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity."  <u>See</u> Docket No. 1.

Sears contends that none of the discovery implicates Sears as being involved in any of the twenty wire transfers.  The Government need not prove under 18 U.S.C. § 1956(h) that Sears committed any overt acts in furtherance of a money laundering conspiracy.  The Government need

---

[1]  18 U.S.C. § 1957 makes it a crime for a person to engage in monetary transactions in property derived from specified unlawful activity.

only prove that Sears entered into an agreement with another to launder the proceeds of illegal activity.  See United States v. Hamilton, 2007 WL 3232518, at *1 (E.D. Mo. Nov. 1, 2007) (unpublished).

The record reveals that the Government provided Sears with discovery materials required by Rule 16 of the Federal Rules of Criminal Procedure, including a copy of the statements made by Sears to law enforcement officers wherein he confessed to committing acts in furtherance of the conspiracy.  Nonetheless, Sears argues that discovery cannot cure an insufficient indictment.  Sears contends the indictment fails to provide the particular factual circumstances of the conspiracy, and the "lack of any additional information pertaining to Defendant Sears in the Indictment potentially leaves him susceptible to another prosecution, as the Indictment provides no information connecting Sears' conduct to this specific conspiracy, which resulted in the twenty (20) listed wire transactions, and does not serve as a bar against this government alleging this same conduct was part of other conspiracies."  See Docket No. 73.

There is no dispute that Sears has been provided with the approximate time frame of the alleged offenses, as well as specific dates related to twenty separate wire transactions.  Count two alleges a time frame starting from on or about April 1, 2003 and continuing until in or about February 2008.  Even though 18 U.S.C. § 1956(h) does not require proof of an overt act, count two of the indictment provides a detailed description of twenty financial transactions that were made in 2007 by one or more of the conspirators in furtherance of the conspiracy.  Count two provides Sears with the amounts of money transferred, the dates of the transfers, the city to which the money was transferred, and the elements of the offense.  The Court finds that the language of count two is

sufficient to adequately apprise Sears of the nature of the charge against him and to enable him to avoid subsequent prosecution for the same offense.  Sears's motion to dismiss count two is denied.

### B.       MOTION FOR A BILL OF PARTICULARS

In the event that the Court denies Sears's motion to dismiss count two, he requests the Court order the Government to file a bill of particulars to identify the particular acts that Sears allegedly committed in furtherance of the conspiracy and the circumstances of the alleged acts.  "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with 'sufficient precision to enable him to prepare for trial' and 'to avoid or minimize the danger of surprise at trial.'"  United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009) (quoting United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir. 2002)).  "'To establish reversible error from the denial of a motion for a bill of particulars, a defendant must show that he was actually surprised at trial and suffered prejudice from the denial.'"  Hernandez, 299 F.3d at 990 (quoting United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir. 1993)).  The granting or denial of a bill of particulars lies within the broad discretion of the district court.  United States v. Arenal, 768 F.2d 263, 268 (8th Cir. 1985).  A bill of particulars may not be used as a discovery tool, nor may it be used to obtain a detailed disclosure of the Government's evidence or theories.  United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993).

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, a defendant may move for a bill of particulars within fourteen days after the defendant was arraigned or at a later time if the court permits.  The record establishes that Sears was arraigned on July 28, 2009.  See Docket No. 18.  Sears filed this motion on March 11, 2010, well beyond the fourteen day deadline under Rule

7(f).  Sears said the motion was delayed because discovery was not provided to him within the fourteen days.  There is more than 1,600 pages of discovery, and the case was continued for trial due to the voluminous amounts of discovery.  The Court finds that, based on the voluminous discovery in this case, Sears's motion is timely.

Sears contends that count two of the indictment "contains no specific factual allegations describing Defendant Sears' alleged participation in the money laundering conspiracy.  In order to adequately prepare a defense, should the court decline to dismiss Count Two, Defendant Sears requires a precise statement of his alleged criminal conduct."  See Docket No. 65.  Count two of the indictment does not describe which of the transactions Sears allegedly participated in.  However, the Court finds that the indictment, coupled with the extensive discovery provided in this case which includes a confession by Sears, is sufficient to fairly inform Sears of the facts and conduct alleged against him and prevent unfair surprise.  A bill of particulars is neither warranted nor appropriate under the circumstances.

### III.   CONCLUSION

For the reasons set forth above, Defendant Sears's "Motion to Dismiss Count Two of the Indictment or for Bill of Particulars" (Docket Nos. 64 and 68) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 12th day of April, 2010.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court